1  Nick Casper (State Bar No. 244637)
   **CASPER, MEADOWS, SCHWARTZ & COOK**
2  A Professional Corporation
   2121 North California Blvd., Suite 1020
3  Walnut Creek, California  94596
   Telephone:  (925) 947-1147
4  Facsimile:    (925) 947-1131

5
   Attorneys for Plaintiff LINDSEY PILOTTI
6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  LINDSEY PILOTTI,                          | CASE NO.:

12              Plaintiffs,

13  vs.                                        | **COMPLAINT FOR DAMAGES**
                                               | **(Violation of Civil Rights)**
14  CITY OF VALLEJO; former VPD CHIEF
    ROBERT NICHELINI, individually and in his  | JURY TRIAL DEMANDED
15  official capacity; VPD CHIEF JOSEPH
    KREINS, individually and in his official
16  capacity; VPD SGT. KEVIN BARTLETT,
    individually; VPD SGT. JOHN WHITNEY,
17  individually; and DOES 1 through 50,

18              Defendants.

19                    **JURISDICTION AND VENUE**

20      1.    This Complaint seeks damages for the violation of Plaintiff LINDSEY

21  PILOTTI'S ("Plaintiff's") rights protected by the Fourth Amendment to the United States

22  Constitution.  Plaintiff brings this action under 42 United States Code § 1983.  Plaintiff also

23  seeks damages under California State law against those defendants whose conduct gave rise

24  to claims cognizable by California law.  The actions and failures to act which this Complaint

25  alleges were committed by Vallejo Police Department personnel acting under color of law

26  within the course and scope of their employment with CITY OF VALLEJO.

27

28

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT
*Pilotti v. City of Vallejo, et al.*

2.      The Complaint seeks remedies pursuant to Title 42, United States Code §§ 1983 and 1988.  Jurisdiction is conferred upon the United States District Court by Title 28, United States Code §§ 1331 and 1343.  This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 United States Code § 1367(a).

3.      The actions giving rise to defendants' liability as alleged in this Complaint occurred in the City of Vallejo in the County of Solano, State of California.  Venue is therefore proper in the Sacramento Court of this District Court pursuant to Title 28 United States Code § 1391(b), and Local Rule 120(d).

## JURY TRIAL DEMAND

4.      Plaintiff hereby demands a jury trial in this action.

## IDENTIFICATION OF PARTIES

5.      At all times relevant to this Complaint, Plaintiff LINDSEY PILOTTI resided in Vallejo, California, in the County of Solano, and was of full age.

6.      Defendant CITY OF VALLEJO is a public entity, duly organized and existing under the laws of the State of California, and is a "person" under 42 United States Code § 1983.  Defendant CITY OF VALLEJO includes the Vallejo Police Department ("VPD").  At all times relevant to this Complaint, VPD was supervised, controlled and staffed by defendant CITY OF VALLEJO, its officers, agents and employees.  At all times relevant to this Complaint, defendants acted within the course and scope of their employment with CITY OF VALLEJO, which caused the harm of which Plaintiff complains.

7.      CITY OF VALLEJO is also liable under California State law for the actions and failures to act committed by individuals acting in the course and scope of their employment with CITY OF VALLEJO.

8.      At the time of the alleged constitutional and state tort violations suffered by Plaintiff on February 10, 2012, defendant ROBERT NICHELINI ("CHIEF NICHELINI") was the Chief of Police of VPD.  As Chief of Police, CHIEF NICHELINI was an official with final policy-making authority regarding the supervision, training and discipline of police officers for CITY OF VALLEJO.  CHIEF NICHELINI is being sued in his individual and official capacities.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT
*Pilotti v. City of Vallejo, et al.*

Page 2

9.     In approximately July 2012, defendant JOSEPH KREINS ("CHIEF KREINS") became the Interim Chief of Police of VPD after CHIEF NICHELINI retired, and CHIEF KREINS was named the Chief of Police of VPD in December 2012.  As Chief of Police, CHIEF KREINS is an official with final policy-making authority regarding the supervision, training and discipline of police officers for CITY OF VALLEJO.  CHIEF KREINS is being sued in his individual and official capacities.

10.     At all times relevant to this Complaint, defendant SERGEANT KEVIN BARTLETT ("SGT. BARTLETT") was a sergeant employed by VPD who was acting under color of law.  SGT. BARTLETT is being sued in his individual capacity.

11.     At all times relevant to this Complaint, defendant SERGEANT JOHN WHITNEY ("SGT. WHITNEY") was a sergeant employed by VPD who was acting under color of law. SGT. WHITNEY is being sued in his individual capacity.

12.     Plaintiff is ignorant of the true names and capacities of defendants DOES 1 through 50, and therefore sues these defendants by such fictitious names.  Plaintiff is informed and believes, and thereon alleges, that each DOE defendant is responsible in some manner for the injuries and damages suffered by Plaintiff as described in this Complaint. Plaintiff will amend her Complaint to state the true names and capacities of defendants DOES 1 through 50 when they have been ascertained.  Any reference in this Complaint to "defendant," "defendants," or to an individually-named defendant, also refers to defendants DOES 1 through 50.  These defendants are sued in their official and individual capacities.

13.     Each defendant sued in this Complaint acted as the agent or employee of every other defendant.

**FACTS GIVING RISE TO THE COMPLAINT**

14.     At all times relevant to the allegations contained in this Complaint, Plaintiff lived at 1041 Castlewood Drive in Vallejo, California.  Plaintiff had rented the residence since October 2011.  Plaintiff lived in the single-family detached house with her two beloved dogs: Alize, a three-year-old pit bull terrier mix, and Kush, a one-year-old pit bull terrier mix.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT
*Pilotti v. City of Vallejo, et al.*

15.   Plaintiff's house at 1041 Castlewood Drive was approximately 850 square feet. A bedroom and the living room were located on the east side of the house, facing Castlewood Drive; a kitchen and second bedroom were located on the west side of the house; and a utility room was located at the rear of the property on the west side of the structure, bordering the second bedroom and kitchen. The house was set back from the street by a large lawn with several small trees, and there was no fence separating the structure from Castlewood Drive.

16.   On the morning of February 10, 2012, Plaintiff left 1041 Castlewood Drive for her work in Napa, California, where she worked at a golf course restaurant as a banquet captain and server. She left Alize and Kush locked inside the home, as was her custom. All of the windows and doors were closed and locked when Plaintiff left.

17.   On February 10, 2012, at approximately 1:16 p.m., VPD responded to a report of a robbery on the 1400 Block of North Camino Alto in Vallejo. Based on victim and witness accounts, it was determined that approximately 6 armed suspects had physically assaulted and robbed the victim, then fled in a green vehicle with chrome rims. A be-on-the-lookout ("BOLO") alert for a matching vehicle description was provided to VPD officers.

18.   Approximately 20 minutes later, at 1:39 p.m., an unknown VPD officer saw a green vehicle matching the description of the BOLO alert park near Plaintiff's home at 1041 Castlewood Drive, located approximately 3.5 miles from the initial robbery site. The officer observed at least 5 suspects exit the vehicle and walk toward the house, but did not see the suspects physically enter the structure of 1041 Castlewood Drive.

19.   Neither while fleeing VPD, nor at any time, did the suspects ever enter, or attempt to enter, Plaintiff's home at 1041 Castlewood. Plaintiff is informed and believes, and on that basis alleges, that the suspects only momentarily passed near, or through, the property at 1041 Castlewood Drive during their flight from police.

20.   Despite the lack of objective indicia that the suspects were inside the residence at 1041 Castlewood Drive, VPD proceeded on the assumption that the suspects were, in fact, inside the residence. Other VPD officers arrived at the scene and established a perimeter around the property.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT
*Pilotti v. City of Vallejo, et al.*

Page 4

21.   The operation at 1041 Castlewood Drive was headed by VPD SGT. WHITNEY and Incident Commander SGT. BARTLETT.

22.   VPD officers maintained the perimeter around 1041 Castlewood Drive for several hours, while attempts to make contact with the suspects purportedly believed to be inside the residence failed.  Such failed attempts to make contact included VPD'S use of a public address system and/or megaphones.

23.   At no point during the several-hour perimeter established around 1041 Castlewood Drive did VPD observe any objective signs that the suspects were inside the residence.  During the operation, the only inhabitants of the residence were Plaintiff's 2 dogs, Alize and Kush.

24.   While at work at the country club, Plaintiff received a phone call from a neighbor informing her that police had surrounded her home at 1041 Castlewood Drive. Plaintiff left work and arrived at Castlewood Drive at approximately 3:00 p.m.  Plaintiff discovered that her entire block had been blocked off by VPD.  Plaintiff called her mother, Lori Pilotti, who arrived and met Plaintiff at approximately 4:00 p.m.

25.   Plaintiff spoke with an unknown VPD officer, identified herself as the resident of 1041 Castlewood Drive, and inquired what was happening.  The VPD officer refused to provide any information.  Plaintiff and Lori Pilotti asked if there was a commanding officer that they could speak with, and they were directed to the intersection of 1041 Castlewood Drive and Springs Road.  Upon arriving at that intersection, Plaintiff once again identified herself to unknown VPD officers as the occupant of 1041 Castlewood Drive.  Plaintiff notified them that her house was empty except for her two dogs, and that she had closed and locked all of the doors when she left for work.

26.   Regardless of whether this information provided by Plaintiff to VPD was communicated to other VPD officers involved in the operation, Plaintiff is informed and believes, and on that basis alleges, that VPD officers were aware that the house at 1041 Castlewood Drive did contain dogs. A Vallejo Animal Control officer was also at the scene.

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT
*Pilotti v. City of Vallejo, et al.*

27.   Plaintiff was very concerned about the well-being of her two dogs, and she spoke with an unknown Vallejo Animal Control officer at the scene.   The officer informed Plaintiff that the dogs "had gotten out" of the residence and had been taken to an animal shelter.   Plaintiff described Alize and Kush to the officer, and he confirmed that they had been removed from the scene.   He stated to Plaintiff and Lori Pilotti that based on the late hour, they would have to pick up Plaintiff's dogs from the shelter the following morning.   In fact, the dogs were still inside the residence, and it was not possible that they had gotten out or been removed since they were locked inside the home as Plaintiff had left them that morning.

28.   At some point during the operation, VPD personnel fired several foam baton rounds into the front door of the residence in an attempt to draw out the suspects who were believed to be in the house.   This maneuver was unsuccessful, and there continued to be no objective evidence that the suspects were, in fact, inside the residence.

29.   At approximately 5:17 p.m., nearly 4 hours after the VPD officer initially observed the suspects walk toward the residence, SGT. WHITNEY ordered VPD personnel to fire an unknown number of tear gas canisters into various locations of Plaintiff's home at 1041 Castlewood Drive. SGT. WHITNEY also personally fired tear gas into the house. The tear gas canisters used by VPD were 37 mm CS liquid ferrets.   VPD ordered the suspects to come out of the house with their hands up by a public address system and/or megaphones, but there continued to be no evidence of the presence of the suspects.   SGT. WHITNEY ordered more tear gas to be fired into various locations of the house, with a total of at least 12 rounds of 37 mm CS liquid ferrets deployed into the home.   VPD officers fired at least 4 rounds through the front window, 2 into the bedroom on the northwest side of the house, 2 into the bedroom on the northeast side of the house, 2 into the attic space, and 2 into the utility room on the west side of the house.

30.   At the time VPD officers fired at least 12 rounds of 37 mm CS liquid ferrets, there continued to be no objective indicia that any suspects were, in fact, inside the residence at 1041 Castlewood Drive.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT
*Pilotti v. City of Vallejo, et al.*

31.     Soon after at least 12 rounds of 37 mm CS liquid ferrets were fired inside the residence, VPD officers observed smoke emanating from the residence, as the house had caught fire.  Vallejo Fire Department Investigator Mark Sharpe subsequently determined that the fire likely started in the utility room.

32.     Plaintiff's home was substantially destroyed either by fire, by heat and smoke damage from the fire, or by water damage from fighting the fire.  Plaintiff suffered the loss of most of her personal property inside the residence.

33.     Plaintiff's two dogs, Alize and Kush, were killed in the fire, which was the direct and proximate result of VPD firing at least 12 rounds of 37 mm CS liquid ferrets into the home.

34.     At approximately 9:00 p.m., after the fire had been fully extinguished and VPD and Vallejo Fire Department personnel had cleared the house, Plaintiff was contacted by telephone and informed that she could enter the house with Vallejo Fire Department personnel.  Plaintiff walked through her destroyed home, picking through her destroyed personal property.  There was no sign of her two deceased dogs, and Plaintiff, based on what she had been told by the Vallejo Animal Control officer, continued to believe that her dogs were safe in the animal shelter.

35.     No one from either VPD or the Vallejo Fire Department informed Plaintiff that her two dogs were found dead inside one of the bedrooms of Plaintiff's house.  Unknown personnel had removed the two carcasses from the house prior to Plaintiff walking through the house that evening.

36.     The following morning, on February 11, 2012, Plaintiff and Lori Pilotti drove to the animal shelter in Vallejo where they had been directed to pick up the dogs.  Employees of the animal shelter informed Plaintiff that her dogs had died in the fire.  An animal shelter employee allowed Lori Pilotti to follow him by car to the city garbage dump and directed her to the dumpster that held the carcasses of Alize and Kush.  Lori Pilotti managed to remove Alize's tear gas-covered carcass from the dumpster for a necropsy and cremation by the family veterinarian.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

COMPLAINT
*Pilotti v. City of Vallejo, et al.*

37.     Plaintiff is informed and believes, and on that basis alleges, that defendants CITY OF VALLEJO, CHIEF NICHELINI, CHIEF KREINS, and DOES 1 through 50 failed to adequately train, supervise, and discipline the police officers of the CITY OF VALLEJO with respect to the Fourth Amendment to the United States Constitution, including under what circumstances, and on what grounds, it is proper to surround a residence and to fire tear gas into it.

38.     Plaintiff is informed and believes, and on that basis alleges, that defendants CITY OF VALLEJO, CHIEF NICHELINI, CHIEF KREINS, and DOES 1 through 50 had actual and/or constructive knowledge that the failure to adequately train, supervise, and discipline police officers would cause violations of citizens' personal and constitutional rights such as those that occurred in this case.

## DAMAGES

39.     As a direct and proximate result of the conduct of defendants, and each of them, Plaintiff suffered violations of her rights protected by, among other enactments, the Fourth Amendment to the United States Constitution; by Article 1, § 13 of the California Constitution; and by California Civil Code §§ 52 and 52.1.

40.     Plaintiff also sustained damages from the trespasses to real property and chattels, conversions, and the intentional infliction of emotional distress inflicted on Plaintiff by defendants acting within the course and scope of their employment with CITY OF VALLEJO.

41.     As a direct and proximate result of defendants' conduct, Plaintiff suffered emotional distress, loss of property, and the loss of the sense of security, dignity, and pride as a resident of the United States of America.

42.     Those individually named defendants, including, but not limited to, SGT. BARTLETT, SGT. WHITNEY, and DOES 1 through 50, who participated in the operation at 1041 Castlewood Drive that resulted in the destruction of Plaintiff's property and the death of her two dogs, acted with malice and oppression. These defendants' conduct was intended to harm Plaintiff or was despicable and carried out with a conscious disregard of Plaintiff's rights or safety. Plaintiff therefore is entitled to recover exemplary damages from those defendants.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT                                                                                    Page 8
Pilotti v. City of Vallejo, et al.

43.     Plaintiff has retained attorneys and investigators to pursue her rights as asserted in this Complaint.   Plaintiff is entitled to an award of reasonable attorneys' fees incurred in the prosecution of this action against defendants CITY OF VALLEJO, the individual VPD officers named as defendants, and DOES 1 through 50 pursuant to 42 United States Code § 1988.

### FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983
### (Against SGT. BARTLETT,
### SGT. WHITNEY, and DOES 1 through 50)

44.     Plaintiff realleges and incorporates by reference paragraphs 1 through 43 as though fully set forth in this cause of action.

45.     The actions of the individual defendants, including SGT. BARTLETT, SGT. WHITNEY, and DOES 1 through 50, acted under color of law in violating Plaintiff's rights protected by the Fourth Amendment to the United States Constitution, including, but not limited to, the right to be free from the use of excessive force and the unnecessary destruction of property by law enforcement officers.   These actions included: the surrounding of Plaintiff's property without the requisite cause; the prevention of Plaintiff from entering her property without the requisite cause; the trespass onto Plaintiff's property without the requisite cause; and the unreasonable and reckless firing of at least 12 rounds of 37 mm CS liquid ferret tear gas into Plaintiff's home while her two dogs were inside.

46.     Those individually named defendants, including SGT. BARTLETT, SGT. WHITNEY, and DOES 1 through 50, who participated in the operation at 1041 Castlewood Drive, acted with malice and oppression.   These defendants' conduct was intended to harm Plaintiff or was despicable and carried out with a conscious disregard of Plaintiff's rights or safety.   Plaintiff therefore is entitled to recover exemplary damages from those defendants.

47.     As a direct and proximate result of defendants' actions and omissions, Plaintiff was deprived of her rights and privileges under the Fourth Amendment to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as set forth below.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT
*Pilotti v. City of Vallejo, et al.*

Page 9

1

2

3

## SECOND CLAIM FOR RELIEF
## 42 U.S.C. § 1983
**(Against Defendants CITY OF VALLEJO, CHIEF NICHELINI, CHIEF KREINS, and DOES 1 through 50)**

4

5

Plaintiff realleges and incorporates by reference paragraphs 1 through 47 as though fully set forth in this cause of action.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

48.     At all times relevant to this Complaint, it was the policy, practice and custom of CITY OF VALLEJO, CHIEF NICHELINI, CHIEF KREINS, and DOES 1 through 50, acting through their policymakers and agents, to violate the Fourth Amendment to the Constitution as described in this Complaint.   Those violations which constituted the policy of CITY OF VALLEJO, CHIEF NICHELINI, CHIEF KREINS, and DOES 1 through 50, included, but not limited to: the surrounding of Plaintiff's property without the requisite cause; the prevention of Plaintiff from entering her property without the requisite cause; the trespass onto Plaintiff's property without the requisite cause; and the unreasonable and reckless firing of at least 12 rounds of 37 mm CS liquid ferret tear gas into Plaintiff's home while her two dogs were inside. The failure of policymakers CHIEF NICHELINI and CHIEF KREINS, and to those they delegated to make and enforce CITY OF VALLEJO policy, to discipline those Vallejo police officers who violated Plaintiff's Fourth Amendment rights ratified that unconstitutional conduct and further confirmed that the violation of Plaintiff's rights represented CITY OF VALLEJO policy.   The policies, practices and customs of CITY OF VALLEJO, CHIEF NICHELINI, CHIEF KREINS, and DOES 1 through 50 were the moving forces behind the violation of Plaintiff's rights protected by the Fourth Amendment to the United States Constitution.

22

23

24

25

26

27

28

49.     At all times relevant to this Complaint, it was obvious that CITY OF VALLEJO, CHIEF NICHELINI, CHIEF KREINS, and DOES 1 through 50 must properly train Vallejo police officers to refrain from violating the Fourth Amendment rights of residents, and that such training must include, in part, the requirements: not to surround or enter private property without the requisite cause; not to prevent residents from entering their homes without the requisite cause; and not to unreasonably and recklessly fire tear gas into a private home with dogs inside.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT
*Pilotti v. City of Vallejo, et al.*

Page 10

50.     At all times relevant, it was obvious that the failure to provide such training, as set forth above, would result in violations of the Fourth Amendment to the United States Constitution.

51.     At all times relevant to this Complaint, it was obvious that the failure to provide such training reflected a deliberate indifference to the protection of the rights guaranteed by the Fourth Amendment to the United States Constitution.

52.     The failure by CITY OF VALLEJO, CHIEF NICHELINI, CHIEF KREINS, and DOES 1 through 50, acting through VPD and their policymakers, to properly train Vallejo police officers to refrain from committing violations of the Fourth Amendment to the United States Constitution caused the alleged unconstitutional actions of VPD which Plaintiff alleges in this Complaint.

53.     As a direct and proximate result of the policies, practices, acts and omissions of defendants CITY OF VALLEJO, CHIEF NICHELINI, CHIEF KREINS, and DOES 1 through 50, Plaintiff sustained harm and the special and general damages which Plaintiff will establish at trial.

WHEREFORE, Plaintiff prays for relief as set forth below.

**THIRD CLAIM FOR RELIEF**
**TRESPASS**
**(Against CITY OF VALLEJO, SGT. BARTLETT, SGT. WHITNEY,**
**and DOES 1 through 50)**

Plaintiff realleges and incorporates by reference paragraphs 1 through 53 as though fully set forth in this cause of action.

54.     On July 23, 2012, CITY OF VALLEJO received the government claims that Plaintiff had timely filed pursuant to the provisions of the California Tort Claims Act, California Government Code §§ 910, et seq.

55.     The individual employees committed their alleged actions in the course and scope of their employment as CITY OF VALLEJO employees.  The employees are liable pursuant to California Government Code § 820(a), which renders a public employee liable for injury caused by his or her act or omission to the same extent as a private person.  CITY OF

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

1    VALLEJO is liable pursuant to Government Code § 815.2, which renders a public entity liable

2    for injury proximately caused by an act or omission of an employee of a public entity within the

3    scope of his or her employment if the act or omission would give rise to a cause of action

4    against the public employee.

5         56.    On February 10, 2012, Plaintiff was the lawful renter and occupant of the

6    private dwelling located at 1041 Castlewood Drive in Vallejo, California.

7         57.    On February 10, 2012, defendants, including SGT. BARTLETT, SGT.

8    WHITNEY, and DOES 1 through 50, acting without probable cause, intentionally, recklessly or

9    negligently entered Plaintiff's property and dwelling located at 1041 Castlewood Drive without

10    Plaintiff's permission.

11         58.    The actions of these defendants, and each of them, was a substantial factor in

12    causing Plaintiff to sustain harm and the special and general damages which Plaintiff will

13    establish at trial, including the damage and/or destruction of all of Plaintiff's personal property,

14    and the deaths of her two dogs, Alize and Kush.

15         59.    The individually named defendants, including SGT. BARTLETT, SGT.

16    WHITNEY, and DOES 1 through 50, acted with malice and oppression.  The conduct of these

17    individually named defendants was intended to harm Plaintiff or was despicable and carried

18    out with a conscious disregard of Plaintiff's rights or safety.  Plaintiff therefore is entitled to

19    recover exemplary damages from those defendants.

20         WHEREFORE, Plaintiff prays for relief as set forth below.

21

22    **FOURTH CLAIM FOR RELIEF**
**TRESPASS TO CHATTELS**
**(Against CITY OF VALLEJO, SGT. BARTLETT, SGT. WHITNEY,**
**and DOES 1 through 50)**

23

24    Plaintiff realleges and incorporates by reference paragraphs 1 through 59 as though

25    fully set forth in this cause of action.

26         60.    On February 10, 2012, Plaintiff was the lawful owner of all the personal

27    property contained inside the residence of 1041 Castlewood Drive in Vallejo, California,

28    including her two dogs, Alize and Kush.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT
*Pilotti v. City of Vallejo, et al.*

Page 12

61.   On February 10, 2012, defendants, including SGT. BARTLETT, SGT. WHITNEY, and DOES 1 through 50, intentionally fired at least 12 rounds of 37 mm CS liquid ferret tear gas into Plaintiff's home while her two dogs were inside, directly and proximately resulting in the damage and/or destruction of all of Plaintiff's personal property, including causing the deaths of her two dogs, Alize and Kush.

62.   Plaintiff did not consent to the damage and/or destruction to her personal property caused by the actions of SGT. BARTLETT, SGT. WHITNEY, and DOES 1 through 50, including the death of her two dogs.

63.   The actions of these defendants, and each of them, was a substantial factor in causing Plaintiff to sustain harm and the special and general damages which Plaintiff will establish at trial.

64.   The individually named defendants, including SGT. BARTLETT, SGT. WHITNEY, and DOES 1 through 50, acted with malice and oppression.  The conduct of these individually named defendants was intended to harm Plaintiff or was despicable and carried out with a conscious disregard of Plaintiff's rights or safety.  Plaintiff therefore is entitled to recover exemplary damages from those defendants.

WHEREFORE, Plaintiff prays for relief as set forth below.

### FIFTH CLAIM FOR RELIEF
### CONVERSION
### (Against CITY OF VALLEJO, SGT. BARTLETT, SGT. WHITNEY, and DOES 1 through 50)

Plaintiff realleges and incorporates by reference paragraphs 1 through 64 as though fully set forth in this cause of action.

65.   On February 10, 2012, Plaintiff was the lawful owner of all the personal property contained inside the residence of 1041 Castlewood Drive in Vallejo, California, including her two dogs, Alize and Kush.

66.   On February 10, 2012, defendants, including SGT. BARTLETT, SGT. WHITNEY, and DOES 1 through 50, intentionally fired at least 12 rounds of 37 mm CS liquid ferret tear gas into Plaintiff's home while her two dogs were inside, substantially interfering

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT
*Pilotti v. City of Vallejo, et al.*

1  with Plaintiff's property by preventing Plaintiff access from her property and subsequently

2  destroying her property, including killing her two dogs, Alize and Kush.

3      67.   Plaintiff did not consent to the substantial interference with her personal

4  property by SGT. BARTLETT, SGT. WHITNEY, and DOES 1 through 50, including the death

5  of her two dogs.

6      68.   The actions of these defendants, and each of them, was a substantial factor in

7  causing Plaintiff to sustain harm and the special and general damages which Plaintiff will

8  establish at trial.

9      69.   The individually named defendants, including SGT. BARTLETT, SGT.

10  WHITNEY, and DOES 1 through 50, acted with malice and oppression.  The conduct of these

11  individually named defendants was intended to harm Plaintiff or was despicable and carried

12  out with a conscious disregard of Plaintiff's rights or safety.  Plaintiff therefore is entitled to

13  recover exemplary damages from those defendants.

14      WHEREFORE, Plaintiff prays for relief as set forth below.

15

16  **SIXTH CLAIM FOR RELIEF**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(Against CITY OF VALLEJO, SGT. BARTLETT, SGT. WHITNEY,**

17  **and DOES 1 through 50)**

18  Plaintiff realleges and incorporates by reference paragraphs 1 through 69 as though

19  fully set forth in this cause of action.

20      70.   On February 10, 2012, defendants, including SGT. BARTLETT, SGT.

21  WHITNEY, and DOES 1 through 50, either engaged in outrageous conduct intended to cause

22  Plaintiff emotional distress or acted with reckless disregard of the probability that Plaintiff

23  would suffer emotional distress, knowing that Plaintiff was present when each defendant

24  committed the outrageous conduct alleged in this complaint.

25      71.   Plaintiff suffered severe emotional distress.

26      72.   Each defendant's conduct was a substantial factor in causing the alleged

27  severe emotional distress.

28

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT
*Pilotti v. City of Vallejo, et al.*

Page 14

73.    The individually named defendants, including SGT. BARTLETT, SGT. WHITNEY, and DOES 1 through 50, acted with malice and oppression.  The conduct of these individually named defendants was intended to harm Plaintiff or was despicable and carried out with a conscious disregard of Plaintiff's rights or safety.  Plaintiff therefore is entitled to recover exemplary damages from those defendants.

WHEREFORE, Plaintiff prays for relief as set forth below.

## SEVENTH CLAIM FOR RELIEF
## CALIFORNIA CIVIL CODE §§ 52, 52.1
### (Against CITY OF VALLEJO, SGT. BARTLETT, SGT. WHITNEY, and DOES 1 through 50)

Plaintiff realleges and incorporates by reference paragraphs 1 through 73 as though fully set forth in this cause of action.

74.    On February 10, 2012, defendants, including SGT. BARTLETT, SGT. WHITNEY, and DOES 1 through 50, using threats, coercion and intimidation, interfered with and threatened to interfere with Plaintiff's rights guaranteed by the Fourth Amendment to the United States Constitution, and Art. 1, § 13 of the California Constitution

75.    The actions of these defendants, and each of them, was a substantial factor in causing Plaintiff to sustain harm and the special and general damages which Plaintiff will establish at trial.

76.    The individually named defendants, including SGT. BARTLETT, SGT. WHITNEY, and DOES 1 through 50, acted with malice and oppression.  The conduct of these individually named defendants was intended to harm Plaintiff or was despicable and carried out with a conscious disregard of Plaintiff's rights or safety.  Plaintiff therefore is entitled to recover exemplary damages from those defendants.

77.    Plaintiff is entitled to such statutory damages and attorney's fees allowed by California Civil Code §§ 52 and 52.1.

WHEREFORE, Plaintiff prays for relief as follows:

1.    For general damages, according to proof;

2.    For special damages, according to proof;

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT
*Pilotti v. City of Vallejo, et al.*

Page 15

3.    For pecuniary damages, according to proof;

4.    For burial expenses, according to proof;

5.    For punitive damages against the individually named defendants;

6.    For statutory damages pursuant to California Civil Code §§ 52 and 52.1;

7.    For reasonable attorney's fees pursuant to 42 U.S.C. § 1988 on Plaintiff's First and Second Claims for Relief;

8.    For reasonable attorney's fees pursuant to California Civil Code §§ 52 and 52.1 on Plaintiff's Seventh Claim for Relief;

9.    For costs of suit incurred herein; and

10.   For such other and further relief as the court may deem just and proper.

Dated: February 19, 2013

_____
Nick Casper
CASPER, MEADOWS, SCHWARTZ & COOK
Attorneys for Plaintiff LINDSEY PILOTTI

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT
*Pilotti v. City of Vallejo, et al.*